CARTER, Respondent, v. KARTERUD, Appellant.

(166 N. W. 524.)

(File No. 4252.   Opinion filed February 25, 1918.   Rehearing denied March 8, 1918.)

**1.  Pleadings—Suit on Note to Plaintiff Executrix—Consideration—**

Defense of Forgery, Plaintiff's False Representations of Old Note to Decedent—Demurrer.

Where a complaint alleged execution by defendant to plaintiff of a promissory note, to which defendant answered that he was indebted to the estate on a certain note she plaintiff was executrix, etc., that she represented to defendant claimed defendant gave to her deceased husband, that said note was not inventoried, etc., that said representations were untrue to executrix's knowledge, were made to deceive defendant and to procure from him a new note, which note he was induced thereby to give in place of the alleged old note, that said old note was a forgery, was not signed by defendant, that his name was forged thereto, which fact he did not discover until the new note was given, that defendant was not indebted to decedent, and that the new note was given without consideration, held, that the answer stated a good defense; it being sufficient to raise issue of no consideration; and trial court erred in sustaining a demurrer thereto; that the fact that the new note was payable to plaintiff in her individual capacity is immaterial, since under the will decedent's personalty subject to payment of debts, was devised to plaintiff during her life time, she thereby being a party in interest, and any account she might be required to make of proceeds of the original note to creditors, etc., would be immaterial to defendant.

2. Negotiable Instruments—Pleading, that 'New Note" was Given in Place of Old, Whether Alleging "Renewal" of Old.

Where, in a suit upon promissory note, the answer alleged among other things that the note in suit was a forgery, and executed by reason of plaintiff executrix's false representations that defendant had executed a note to decedent which was unpaid, and that the note in suit was taken as a "new note" in place of the old, held, that the answer did not allege the note in suit as a renewal only of the old note.

Appeal from Circuit Court, Hanson County. Hon. CARL G. SHERWOOD, Judge.

Action by Annie Carter, against G. G. Karterud, to recover up on a promissory note. From an order sustaining a demurrer to the answer, defendant appeals. Reversed.

*M. J. Russell,* for Appellant.

*W. N. Skinner,* and *Eugent P. Campbell,* for Respondent.

(1) To point one of the opinion, Appellant cited: 8 Cyc. 36; 16 Cyc. 615, 618, 619.

Respondent cited: 8 Cyc. 66.

McCOY, J.   Plaintiff alleged that on the 1st day of April, 1916, defendant executed and delivered to her a certain promissory note in writing, whereby, for value received, he promised to pay plaintiff or order, on the 1st day of November, 1916, the sum of $176.54, with interest; that plaintiff is the owner and holder of said note, and that no part thereof has been paid. To this complaint the defendant interposed the answer that plaintiff was the executrix of the last will and testament of her deceased husband, one Ross; that after she became such executrix she represented and stated to defendant, through her agents and attorneys, that defendant was indebted to said estate on a certain promissory note which she claimed the defendant gave to her deceased husband on the 5th day of April, 1910; that as such executrix she made no mention of said note in the inventory of property of said estate; that said representations and statements of said executrix and her agents and attorneys as to the indebtedness of defendant to said estate on said note were untrue, and, upon information and belief, defendant states that she as such executrix knew them to be untrue, and that they were made to defendant to deceive him and to procure from him a new note, and defendant, believing and relying on said statements, was deceived, and was induced thereby to give a new note note in the place of the old note, and being so deceived and relying on said statements and representations, on or about the 1st day of April, 1916, he gave plaintiff a new note in her individual capacity; that said new note is the note sued on in plaintiff's complaint, and that the said old note is a forgery, and that it was not made or signed by the defendant, or by any one in his behalf, and that his name was forged thereto without his knowledge or consent, and that defendant did not discover the same until after said new note was given to the plaintiff, and as a matter of fact defendant was not indebted to said Ross at the time of his death nor to his estate, and that said new note was given to plaintiff without any consideration, and that he would not have given said note but for the statements and representations so made.   To this defense plaintiff interposed the demurrer that the same did not state facts sufficienut to constitute a defense to plaintiff's complaint.   From an order of the trial court sustaining

said demurrer, the defendant appeals, assigning as error the said ruling of the trial court.

[1] We are of the opinion that the said ruling of the trial court was erroneous. The fact that the new note was made payable to plaintiff in her individual capacity, and not as executrix of the estate of her husband, is immaterial. Under the will of her husband, his personal property, subject to the payment of debts, was . devised to respondent during her lifetime, with the remainder after her death to his children. She was at least a party in interest, and whatever account, if any, she would be required to make of the proceeds of the original note to the creditors, or children of Ross, would be a matter in which said defendant would have no interest so far as appears from the allegations of this answer.

[2] Appellant contends that the note sued on is a renewal only of the old note. No allegations are contained in this answer tending to show that the new note was a renewal of the old; but this answer expressly states that the last note was taken as a "new note" in place of the old. But taken as a whole, we are of the view that the answer liberally construed is sufficient to raise the issue that there was no consideration for the giving of the note sued upon, and that the demurrer should have been overruled.

The order appealed from is reversed.